UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARNELL LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-0014** |
| **MICHAEL S. HARRISON, ET AL.** | **SECTION: "A"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Darnell Lewis, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against New Orleans Police Department Superintendent Michael S. Harrison and Orleans Parish District Attorney Leon Cannizzaro. Plaintiff claims that the defendants have failed to comply with the Louisiana Public Records Act.

### I.  Standards of Review

Plaintiff filed this federal civil action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint, [1] the undersigned recommends that this matter be dismissed for the following reasons.

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

In this lawsuit, plaintiff alleges that the defendants have "failed to comply with the Public Records Act pursuant to L.S.A. 44:1 et seq."[2] Specifically, he alleges that the defendants are "deliberately and intentionally withholding pertinent documents (i.e., statements made by the alleged victim and witnesses AT THE CRIME SCENE) …."[3] However, as plaintiff concedes in his complaint, he has already litigated this same issue unsuccessfully in the state courts.[4] In rejecting plaintiff's claim, the Louisiana Fourth Circuit Court of Appeal held that although an initial police report is a public record subject to disclosure under the Louisiana Public Records Act, *witness statements* are not:

> It is undisputed … that an "initial report" is a public record. The term "initial report," however, is statutorily defined by La. R.S. 44:3 A(4)(b) to mean a document setting forth the following items:
>
> - A narrative description of the alleged offense, including appropriate details thereof as determined by the law enforcement agency;
>
> - The name and identification of each person charged with or arrested for the alleged offense;
>
> - The time and date of the alleged offense;
>
> - The location of the alleged offense;
>
> - The property involved;
>
> - The vehicles involved; and
>
> - The names of investigating officers.
>
> The police reports that the [Orleans Parish District Attorney] has produced to Mr. Lewis contain all the above items required to be included in an "initial report." La. R.S. 44:3. The jurisprudence has held that statements of "on the scene witnesses" are not included in the meaning of an "initial report." State v. Meyers, 95-750, 96-35, 96-395, p. 18 (La. App. 5 Cir. 11/26/96), 683 So.2d 1378, 1387. Under R.S. La. 44:3 A(4), "such report only needed to contain those items listed in

---

[2] Rec. Doc. 5, p. 5.
[3] Id. at p. 6.
[4] Id. at pp. 5-6.

3

the statute [which] ... does not require that the initial report contain statements made at the scene by witnesses." Meyers, 95-750 at pp. 19-20, 683 So.2d at 1387.

Lewis v. Morrell, 215 So. 3d 737, 745 (La. App. 4th Cir. 2017). Plaintiff challenged that ruling by filing a writ application with the Louisiana Supreme Court; however, that court likewise denied relief. State *ex rel.* Lewis v. State, 252 So. 3d 915 (La. 2018).

Because the Louisiana courts denied plaintiff's lawsuit seeking to compel the defendants to disclose the information he seeks in the instant case, the Rooker-Feldman doctrine may well prohibit him from relitigating that same dispute in this federal district court. See Allen v. Baylor, Civ. Action No. 13-4386, 2014 WL 1464788, at *4 (D.N.J. Apr. 15, 2014).[5] Nevertheless, *even if* plaintiff's claim does not run afoul of the Rooker-Feldman doctrine, it still independently fails for the following alternative reason.

As noted, plaintiff brought this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

---

[5] Regarding the Rooker-Feldman doctrine, the United States Fifth Circuit Court of Appeals has explained:

> Reduced to its essence, the Rooker-Feldman doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress. We have described the doctrine as comprising four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. We have also said that the doctrine applies only to final judgments rendered by a state's court of last resort. Further, in addition to the precise claims presented to the state court, Rooker-Feldman prohibits federal court review of claims that are inextricably intertwined with a state court decision. In light of the narrow ground Rooker-Feldman occupies, however, the doctrine does not prohibit a plaintiff from presenting some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which the plaintiff was a party.

Burciaga v. Deutsche Bank National Trust Company, 871 F.3d 380, 384-85 (5th Cir. 2017) (footnote, citations, quotation marks, and brackets omitted).

4

42 U.S.C. § 1983.  Accordingly, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action.  First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of *rights, privileges, or immunities secured by the Constitution or laws of the United States.*

Augustine v. Doe, 740 F.2d 322, 324-25 (5th Cir. 1984) (emphasis added).

That second element is lacking here.  Although plaintiff attempts to style his claim as one of federal constitutional magnitude, it is not.  It is a routine dispute concerning the Louisiana Public Records Act, and such disputes simply do not implicate federal constitutional or statutory rights cognizable under 42 U.S.C. § 1983.  See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914 (E.D. La. Sept. 24, 1992) (Feldman, J.), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Lewis v. Jackson, Civ. Action No. 14-0468, 2016 WL 1103904, at *4 (M.D. La. Mar. 1, 2016) (Wilder-Doomes, M.J.) ("[W]hereas the plaintiff attempts to invoke the constitutional protection of the Due Process Clause by asserting that the withholding of the referenced documentation violated his rights under that provision, at least one Fifth Circuit panel has addressed this argument and rejected a similar contention, finding that the Due Process Clause is not violated because state law provides an adequate post-deprivation remedy in the form of access to the state courts." (citing Williams v. Kreider, 996 F.2d 306 (5th Cir. 1993)), adopted, 2016 WL 1092648 (M.D. La. Mar. 21, 2016) (deGravelles, J.); Rinker v. New Orleans District Attorney, Civ. Action No. 10-810, 2010 WL 2773236, at *6 (E.D. La. June 15, 2010) (Shushan, M.J.) ("A state public records claim implicates no federal constitutional or statutory rights.  Therefore, a plaintiff has no right to assert such a claim under 42 U.S.C. § 1983."), adopted, 2010 WL 2773383 (E.D. La. July 12, 2010) (Berrigan, J.); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-6622, 2009 WL 3837618, at *3 (E.D. La. Oct. 13, 2009) (Knowles, M.J.) (adopted by Berrigan, J., on Nov. 9, 2009); Johnson v. Morrell, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009) (Feldman,

J.), appeal dismissed, 391 F. App'x 333 (5th Cir. 2010); Franklin v. Louisiana, Civ. Action No. 05-3713, at p. 5 (E.D. La. Nov. 9, 2005) (Knowles, M.J.) ("The undersigned has found no law in this Circuit which would elevate state law public records disputes to ones of constitutional dimension. Further, to do so would result in the federal courts becoming embroiled in every such dispute involving prisoners on 'fishing expeditions' for documents to use in connection with post-conviction or other such proceedings. Such state law disputes are better and more appropriately left to the state courts.") (adopted by Vance, J., on Feb. 9, 2006).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of February, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**